UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA HERRERA,<br><br>    Petitioner,<br><br>    v.<br><br>MUNIZ,<br><br>    Respondent. | No. 2:17-cv-0030 TLN AC P<br><br>ORDER |

Petitioner, a state prisoner proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pending before the court is respondent's motion to dismiss the petition as untimely. ECF No. 11. In response to the motion, petitioner asserts that the petition should be considered timely because he was subject to a delay in receiving the state court's decision and two lockdowns that prevented him from obtaining copies necessary to filing. ECF No. 14. For the reasons set forth below, the court finds that an evidentiary hearing is necessary to determine whether petitioner is entitled to equitable tolling which would make his petition timely. Petitioner will be appointed counsel for the limited purpose of representing him at the evidentiary hearing.

    I.    <u>Factual and Procedural Background</u>

On November 6, 2012, a jury convicted petitioner of assault with a deadly weapon and possession of a weapon by a prisoner. ECF No. 1 at 1; Lod. Doc. 1. He was sentenced to a

1

determinate state prison term of eight years. ECF No. 1 at 1; Lod. Doc. 1.

### A. Direct Review

Petitioner, with assistance of counsel, appealed to the California Court of Appeal, Third Appellate District. ECF No. 1 at 2, 13. The Court of Appeal modified the judgment to add a $200 restitution fine and affirmed the judgment as modified on October 14, 2014. ECF No. 1 at 2; Lodged Doc. No. 2 at 8.

On November 14, 2014, again with assistance of counsel, petitioner petitioned for review of the Court of Appeal's decision in the California Supreme Court. Lodged Doc. No. 3. The state Supreme Court denied the petition for review on January 14, 2015. Lodged Doc. No. 4. Petitioner did not petition the United States Supreme Court for certiorari. ECF No. 1 at 3.

### B. State Collateral Review

On March 16, 2016,[1] petitioner filed a pro se petition for writ of habeas corpus in the Sacramento County Superior Court. Id.; Lod. Doc. 5. The petition was denied on May 9, 2016. ECF No. 1 at 3; Lod. Doc. 6.

Petitioner filed a pro se petition for writ of habeas corpus in the California Court of Appeal, Third Appellate District on July 7, 2016. ECF No. 1 at 4; Lod. Doc. 7. The petition was denied July 28, 2016. Lod. Doc. 8.

On September 18, 2016, petitioner filed a pro se petition for writ of habeas corpus in the California Supreme Court (ECF No. 1 at 4; Lod. Doc. 9), which was denied on November 22, 2016 (Lod. Doc. 10).

### C. Federal Petition

The instant petition was filed on January 3, 2017. ECF No. 1 at 100.

---

[1] The filing date of documents submitted when petitioner was proceeding pro se will be determined based on the prison mailbox rule. Houston v. Lack, 487 U.S. 266, 276 (1988) (documents are considered filed at the time prisoner delivers them to prison authorities for mailing); Jenkins v. Johnson, 330 F.3d 1146, 1149 n. 2 (9th Cir. 2003) (date petition is signed may be considered earliest possible date an inmate could submit his petition to prison authorities for filing under the mailbox rule), overruled on other grounds by Pace v DiGuglielmo, 544 U.S. 408, 413 (2005).

## II. Motion to Dismiss

Respondent moves to dismiss the petition on the ground that it was filed outside the one-year statute of limitations. ECF No. 11. He asserts that even though petitioner is entitled to statutory tolling for the time between the filing of his first state habeas petition and the California Supreme Court's denial of his last state habeas petition, the petition was late by twelve days. Id. at 3-4. In reply to petitioner's opposition, respondent argues that petitioner is not entitled to equitable tolling because he has not demonstrated that he was diligent or subject to extraordinary circumstances that made timely filing impossible. ECF No. 20.

## III. Opposition

Petitioner opposes the motion to dismiss on the ground that he is entitled to equitable tolling because he received notice of the California Supreme Court's denial of his petition eight days after the order was issued and he was subject to two lockdowns that lasted from December 7, 2016, to December 22, 2016. ECF No. 14.

## IV. Statute of Limitations

Section 2244(d)(1) of Title 28 of the United States Code contains a one-year statute of limitations for filing a habeas petition in federal court. This statute of limitations applies to habeas petitions filed after April 24, 1996, when the Antiterrorism and Effective Death Penalty Act (AEDPA) went into effect. Cassett v. Stewart, 406 F.3d 614, 624 (9th Cir. 2005). The one-year clock commences from one of several alternative triggering dates. 28 U.S.C. § 2244(d)(1). In this case, the applicable date is that "on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

In this case the California Supreme Court denied direct review of petitioner's conviction on January 14, 2015. Lodged Doc. No. 4. The record shows petitioner did not submit a petition for writ of certiorari to the Supreme Court of the United States (ECF No. 1 at 3), meaning that his conviction became final at the expiration of the ninety-day period to seek certiorari immediately following the decision of the state's highest court. Clay v. United States, 537 U.S. 522, 528 n.3 (2003); Bowen v. Roe, 188 F.3d 1157, 1159 (9th Cir. 1999). The conviction therefore became final on April 14, 2015, and ADEPA's one-year clock began running on April 15, 2015.

Patterson v. Stewart, 251 F.3d 1243, 1247 (9th Cir. 2001) (the day order or judgment becomes final is excluded and time begins to run the day after the judgment becomes final (citing Fed. R. Civ. P. 6(a))). Absent tolling, petitioner had until April 14, 2016, to file a federal habeas corpus petition. The instant petition was not filed until January 3, 2017 (ECF No. 1 at 100), 264 days after the statute of limitations expired. Accordingly, the petition is untimely unless petitioner is entitled to tolling.

        A.        Statutory Tolling

The limitations period may be statutorily tolled during the time "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). The "statute of limitations is not tolled from the time a final decision is issued on direct state appeal and the time the first state collateral challenge is filed because there is no case 'pending' during that interval." Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir.1999), overruled on other grounds, Carey v. Saffold, 536 U.S. 214, 225 (2002).

Respondent concedes that petitioner is entitled statutory tolling from the filing of his first state habeas petition on March 16, 2016, through the denial of his third state petition on November 22, 2016. ECF No. 11 at 3-4. The statute of limitations was thus tolled 252 days, and the deadline to file a federal petition was extended to December 22, 2016. Id. at 4. Since the federal petition was not filed until January 3, 2017, it is still late unless petitioner is also entitled to at least twelve days of equitable tolling.

        B.        Equitable Tolling

A habeas petitioner is entitled to equitable tolling of AEDPA's one-year statute of limitations only if the petitioner shows: "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005). "[T]he statute-of-limitations clock stops running when extraordinary circumstances first arise, but the clock resumes running once the extraordinary circumstances have ended or when the petitioner ceases to exercise reasonable diligence, whichever occurs earlier." Luna v. Kernan,

784 F.3d 640, 651 (9th Cir. 2015) (citing Gibbs v. Legrand, 767 F.3d 879, 891-92 (9th Cir. 2014)). "When external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the statute of limitations may be appropriate." Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999) (citations omitted). "The diligence required for equitable tolling purposes is 'reasonable diligence,' not 'maximum feasible diligence.'" Holland, 560 U.S. at 653 (internal citations and some quotation marks omitted). Nor does the court require "*actual* impossibility; rather, equitable tolling is appropriate where 'it would have technically been possible for a prisoner to file a petition, but a prisoner would have likely been unable to do so.'" Grant v. Swarthout, 862 F.3d 914, 918 (9th Cir. 2017) (emphasis in original) (quoting Gibbs, 767 F.3d at 888). Petitioner bears the burden of alleging facts that would give rise to tolling, Pace, 544 U.S. at 418, and "[a] habeas petitioner . . . should receive an evidentiary hearing when he makes 'a good-faith *allegation that would, if true,* entitle him to equitable tolling,'" Roy v. Lampert, 465 F.3d 964, 969 (9th Cir. 2006) (emphasis added in original) (quoting Laws v. Lamarque, 351 F.3d 919, 921 (9th Cir. 2003)).

In his opposition, petitioner states that although the California Supreme Court denied his petition on November 22, 2016, he did not receive notification of the denial until November 30, 2016. ECF No. 14 at 1, 5. Upon receiving the denial "he diligently went to work on his petition." Id. at 1. However, from December 7 to December 14, 2016, and again from December 14 to December 22, 2016, petitioner was on lockdown and unable to make copies of his petition. Id. at 1-2, 5. Although he attempted to make copies during the lockdown, "his requests went unanswered," and even after the lockdowns he was unable to make copies because of the holidays. Id. He made copies of his petition as soon as he was able, and mailed his petition to this court. Id. at 2, 5. Petitioner argues that he is entitled to equitable tolling for the eight days it took for him to receive the California Supreme Court's denial of his state petition. Id. at 1. He also claims that the statute of limitations should be tolled for the sixteen days he was subject to two, back-to-back lockdowns. Id. at 1-2.

Respondent argues that petitioner is not entitled to equitable tolling because neither the delay in mailing nor the lockdowns constitute extraordinary circumstances. ECF No. 20 at 2-6.

5

He further argues that petitioner was not diligent because he waited until the lockdown to attempt to make copies and did not file his first state habeas petition until approximately one month before the statute of limitations expired. Id. at 6-8.

1. Extraordinary Circumstances

In his opposition, petitioner states that a week-long delay in receiving mail, such as the one he experienced, is a common occurrence. ECF No. 14 at 1. Accordingly, although the delay in receiving the California Supreme Court's decision was an external force outside petitioner's control, it cannot be said to be an extraordinary circumstance warranting equitable tolling, and petitioner is not entitled to equitable tolling for the eight days it took for him to receive the state court's decision. See Ramirez v. Yates, 571 F.3d 993, 998 (9th Cir. 2009) (ordinary or common limitations caused by incarceration, such as limited access to the law library and copier, are not "extraordinary"). Similarly, while it is not clear that petitioner is seeking equitable tolling for the period after the lockdowns when he was unable to obtain copies due to the holidays, limited access and library closures during the holidays are common and foreseeable and therefore not extraordinary. Accordingly, petitioner cannot obtain tolling for the eight days it took him to receive notice of the denial of his state habeas petition or the eleven days between the last day of the lockdowns and the day he was able to make copies. Since petitioner is not entitled to equitable tolling for either of these periods, his petition will be untimely unless he can show equitable tolling is warranted for the duration of the lockdowns.

On December 7, 2016, the facility where petitioner was housed was placed on lockdown due to an attempted homicide. ECF No. 14 at 1; Lod. Doc. 11 at 19. The lockdown was lifted on December 14, 2016, only to be put in place again the same day due to another attempted homicide. ECF No. 14 at 1; Lod. Doc. 11 at 8-12. The second lockdown was lifted on December 22, 2016 (ECF No. 14 at 1; Lod. Doc. 11 at 1), the last day of petitioner's statute of limitations. The court notes that although the documentation provided by respondent shows that the prison was technically on modified programming, not lockdown, during both modified programs all movement was done by escort, recreation and dayroom activities were cancelled, feeding was done in cell, and law library access was limited, among other restrictions. Lod. Doc. 11.

6

1       In a declaration signed under penalty of perjury, petitioner states that during the lockdown he made requests for legal copies, but that his "requests went unanswered" and he made copies as soon as he was able. ECF No. 14 at 5, ¶¶ 5-6. As a result, he was unable to get the copies necessary to file his petition by December 22, 2016. Id. at 1-2. In response to petitioner's assertion that he was unable to obtain copies during the lockdown, respondent has offered the declaration of Shelley Tomlinson, a law librarian at the prison where petitioner was housed, that states petitioner did not submit any copy requests during the lockdown. Lod. Docs. 12. Respondent also argues that the fact that the federal petition is dated January 3, 2017, makes it unlikely that petitioner submitted it any earlier for copying. ECF No. 20 at 5.

      The facts in petitioner's declaration may entitle him to equitable tolling. Although respondent argues that lockdowns "have not been recognized as extraordinary circumstances but as routine restrictions on prison life," ECF No. 20 at 5 (citation omitted), this is not a wholly accurate statement of the law. Rather, lockdowns have not been found to constitute an extraordinary circumstance *per se*. See Sossa v. Diaz, 729 F.3d 1225, 1236-67 (9th Cir. 2013) (reversing dismissal of petition as untimely and remanding for further factual development regarding whether petitioner was entitled to equitable tolling based on lockdowns and lack of access to the law library); Zamudio-Reyes v. Becerra, 708 F. App'x 463, 464 (9th Cir. 2018) ("In an appropriate case, both concerns for safety and lockdown—partial or complete—may present extraordinary circumstances that warrant equitable tolling. Whether this is so depends on the particular facts of each case."). "Courts take a flexible, fact-specific approach to equitable tolling. '[S]pecific circumstances, often hard to predict in advance, could warrant special treatment in an appropriate case.'" Gibbs, 767 F.3d at 885 (quoting Holland, 560 U.S. at 650).

      The facts in the cases cited by respondent in support of his argument that lockdowns do not constitute an extraordinary circumstance are all clearly distinguishable from the facts in this case. Specifically, respondent relies on cases in which the lockdowns or law library closures occurred with significant time remaining in the limitations period, or sporadically throughout the

////

////

period, and the petitioner retained at least limited access. ECF No. 20 at 5-6.[2] In this case, the facility where petitioner was held was on continuous lockdown for the last sixteen days of the limitations period. Nothing indicates that petitioner was involved in the incidents resulting in the lockdowns, making them an unexpected, external force outside his control. Furthermore, although the modified program reports indicate that petitioner should have had at least limited access to the law library, and thus copy services, petitioner asserts that his requests for copies went unanswered, effectively depriving him of *any* access.

Rule 3 of the Rules Governing Section 2254 Cases requires that "[a]n original and two copies of the petition must be filed with the clerk" and petitioner cannot be faulted for waiting to mail his petition until he had obtained the necessary copies since "inmates should not be forced to choose between submitting an incomplete petition or an untimely one because of prison officials' failure to provide prisoners with needed documents," Grant, 862 F.3d at 926 fn.10 (9th Cir. 2017) (holding that because an account certificate was required by the rules, petitioner could not be

---

[2] See Earl v. Fabian, 556 F.3d 717, 724-25 (8th Cir. 2009) (limited law library access was not an extraordinary circumstance where petitioner still had approximately eight months to timely file petition after receiving delayed notice that conviction was final); Ramirez v. Yates, 571 F.3d 993, 998 (9th Cir. 2009) (ordinary limitations on access to law library and copy machine while petitioner was in administrative segregation for approximately two-and-a-half-month period were not extraordinary and did not make it impossible to file petition in a timely manner); United States v. Van Poyck, 980 F. Supp. 1108, 1111 (C.D. Cal. 1997) (four lockdowns, each lasting several days, during a two-month period did not warrant prospective sixty-day enlargement of statute of limitations deadline based on equitable tolling); Rhodes v. Kramer, 451 F. App'x 697, 698 (9th Cir. 2011) (summary opinion affirming decision in Rhodes v. Kramer, 2009 WL 4884262, at *2-4, 2009 U.S. Dist. LEXIS 115003, at *5-10 (E.D. Cal. Dec. 10, 2009), which held that sporadic closures of law library throughout limitations period did not constitute extraordinary circumstances); Lindo v. Lefever, 193 F. Supp. 2d 659, 663 (E.D.N.Y. 2002) (summarily holding that "[t]ransfers between prison facilities, solitary confinement, lockdowns, restricted access to the law library and an inability to secure court documents do not qualify as extraordinary circumstances" with no analysis regarding lockdowns or restricted law library access); Pelaya v. Cate, 2011 WL 976771, at *7, 2011 U.S. Dist. LEXIS 28424, at *20-21 (C.D. Cal. Jan. 18, 2011) ("allegations of unspecified lockdowns, delays in obtaining relevant legal documents, or an inability to physically access a law library" were "routine restrictions of prison life" that must be taken into account when deciding to file federal habeas and therefore did not constitute extraordinary circumstances (citing Van Poyck, 980 F. Supp. at 1111)); Akins v. United States, 204 F.3d 1086, 1089 (11th Cir. 2000) (lockdowns did not warrant equitable tolling because petitioner did not explain why he could not have prepared petition in the approximately six months between the time the statute of limitations began to run and the first lockdown began).

8

faulted for waiting to file his petition until he had the required certificate, even though it resulted in his petition being filed after the deadline). In this case, petitioner's January 3, 2017 request for copies enabled him to obtain copies and mail out the petition that same day. This fact supports an inference that if petitioner did in fact put in an earlier request for copies that went unanswered, the unanswered requests were the only thing preventing petitioner from submitting his petition prior to the expiration of the statute of limitations. Id. at 926 (finding that because petitioner constructively filed his petition the same day he received his prison account certificate, the petition would have been timely filed absent prison officials' delay in providing the certificate). Given the timing of the lockdowns, if petitioner's alleged lack of access to copy services during the lockdowns is true, he would be entitled to equitable tolling so long as he was diligent.

2. Diligence

Respondent's argument that petitioner was not diligent hinges largely on the premise that petitioner could have timely filed his federal habeas petition if he had just managed his time better during the one-year limitations period. ECF No. 20 at 6-8. However, the Ninth Circuit recently held in Grant v. Swarthout that

> a petitioner is entitled to use the full one-year statute-of-limitations period for the filing of his state and federal habeas petitions and that he need not anticipate the occurrence of circumstances that would otherwise deprive him of the full 365 days that Congress afforded him for the preparation and filing of his petitions.

862 F.3d at 919.

In Grant, the petitioner filed his first state habeas petition 354 days into the statute of limitations. Id. at 916-17. It took him five days to receive the order denying his state petition, at which point he immediately requested a prison account certificate to accompany his application to proceed in forma pauperis. Id. at 917. Although the petitioner mailed his petition the same day he received the certificate, he did not receive the certificate until after the seven days remaining in the statute of limitations had passed. Id. The district court denied equitable tolling on the ground that the petitioner "had not shown that he was diligent throughout the entire 354 days prior to his filing of his state petition for postconviction relief and that such a showing was necessary to warrant equitable tolling." Id. In reversing the lower court's decision, the Ninth Circuit held that

9

"it was improper for the district court to fault the petitioner for filing his state petition for postconviction relief late in the statute-of-limitations period in reliance on his having a full year to file both his state and federal petitions, as promised by AEDPA." Id. at 919. The diligence prong of the analysis is "primarily concerned . . . with whether the petitioner was 'diligent in his efforts to pursue his appeal at the time his efforts were being thwarted.'" Id. at 923 (quoting Gibbs, 767 F.3d at 893). Accordingly, the court rejects respondent's argument that petitioner should have been more diligent in managing his time prior to the lockdowns. Instead, the question is whether petitioner was diligent during the sixteen days the prison was on lockdown.

In Grant, there were seven days remaining in the limitations period when the petitioner submitted his request for a certificate and he waited two weeks, until after the period had expired, before submitting a second request. 862 F.3d at 923-24. The Ninth Circuit found that, given the circumstances, waiting two weeks was not unreasonable, and although the petitioner probably could have contacted his counselor more often about the status of his account certificate, it was reasonable for him to rely on his counselor to give him the certificate as soon as it was available rather than constantly checking in. Id. at 924.

In this case, petitioner has submitted a sworn declaration that states that he "attempted to make copies during the lockdown, however, [his] requests went unanswered." ECF No. 14 at 5, ¶ 5. Although he does not specify the dates on which he made the requests, or how many requests he made, petitioner's use of the plural indicates that he made at least two requests during the sixteen days the prison was on lockdown prior to the expiration of the statute of limitations. If these allegations are true, even if the court assumes that petitioner made only two requests for copies during the lockdown, the fact that he did not receive a response, as opposed to an outright denial, makes his conduct reasonably diligent.

Although not proffered on the question of diligence, respondent offers evidence to support his contention that petitioner did not submit any copy requests during the lockdown, and in fact did not submit the petition for copying until January 3, 2017. ECF No. 20 at 5; Lod. Doc. 12.

### 3. Evidentiary Hearing

In this case, the court finds that if petitioner's allegations regarding his access to copy

services and his diligence in obtaining copies are true, then he would be entitled to equitable tolling for the sixteen days the prison was on lockdown, making his petition timely. However, because respondent has contested the pertinent facts and offered a competing declaration challenging the credibility of petitioner's claims, an evidentiary hearing is required to determine whether the lockdown did in fact constitute an extraordinary circumstance and whether petitioner was diligent. See Roy, 465 F.3d at 969 (9th Cir. 2006).

V. Appointment of Counsel

An evidentiary hearing will be held on the issue of whether petitioner is entitled to equitable tolling and the court has determined that the interests of justice require appointment of counsel for the limited purpose of representing petitioner at the hearing. 18 U.S.C. § 3006A(a)(2)(B).

VI. Plain Language Summary of this Order for a Pro Se Litigant

You may be entitled to equitable tolling for the time the prison was on lockdown, which would make your petition timely. However, because respondent claims that you did not submit any copy requests during the lockdown, it is necessary to have an evidentiary hearing about the lockdowns and what you did during the lockdowns. You will be appointed an attorney to represent you only at the evidentiary hearing.

Accordingly, IT IS HEREBY ORDERED that:

1. The Federal Defender is appointed for the limited purpose of representing petitioner at the evidentiary hearing on the issue of equitable tolling.

2. The Clerk of the Court shall serve a copy of this order on the Federal Defender, Attention: Habeas Appointment.

3. Petitioner's counsel shall promptly file a notice of appearance and contact the Clerk's Office to make arrangements for copies of documents in the file.

4. A status conference will be set upon appearance of counsel for petitioner.

////
////
////

5. An evidentiary hearing on the issue of equitable tolling, as set forth above, is set for June 4, 2018, at 9:00 a.m. in Courtroom 26 before Magistrate Judge Allison Claire.

IT IS SO ORDERED.

DATED: March 14, 2018

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE