UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA HERRERA,<br><br>    Petitioner,<br><br>    v.<br><br>MUNIZ, Warden,<br><br>    Respondent. | No. 2:17-cv-0030 TLN AC<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Petitioner is a California state prisoner proceeding pro se with an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The action proceeds on the original petition, ECF No. 1, which challenges petitioner's 2013 conviction for assault with a deadly weapon by a prisoner and possession of a deadly weapon by a prisoner. Respondent has answered, ECF No. 46, and petitioner has filed a traverse, ECF No. 50.

## BACKGROUND

### I. Proceedings in the Trial Court

#### A. Preliminary Proceedings

Petitioner was charged in Sacramento County with offenses arising from a fight among inmates at California State Prison, Sacramento. The case went to trial.

////

////

1

B. The Evidence Presented at Trial

The jury heard evidence of the following facts.[1]  At California State Prison, Sacramento on September 7, 2010, petitioner and codefendant Michael Rodriguez—both "northern Hispanic inmates"—got into a fight with Phaynes Reeda, an African American inmate.  Correctional officers saw petitioner and Rodriguez punching Reeda and "getting the better" of him in the fight.  Reeda was "covered in blood," with blood on his neck and back, and "there was a puddle below his feet."  Petitioner and Rodriguez were the aggressors in the fight, lunging toward Reeda as he backed away.  Officers did not see anything in petitioner's hands.

Petitioner and Rodriguez were told repeatedly to get down on the ground.  Officers used pepper spray and a nonlethal 40-millimeter baton round before the duo went to the ground.  As the fighting stopped and petitioner started to get on the ground, he made a throwing motion and one or two weapons landed on the floor in front of a cell.  Two prison-made weapons were found on the floor near the cell.  One weapon bore a substance that appeared to be blood.  Two plastic sheaths, into which the weapons fit, were found in the bottoms of two different trash cans.  A third weapon was found taped to the underside of a stairwell.

Reeda suffered four puncture wounds on his back and additional wounds to his neck and head consistent with an inmate-manufactured stabbing device.  Reeda also had a defensive wound to his hand.  Petitioner had a possible swollen lip, but otherwise he and Rodriguez were uninjured.

C. Outcome

The jury found petitioner guilty of assault with a deadly weapon while confined in prison (Cal. Pen. Code, § 4501) and possession of a sharp instrument while confined in prison (§ 4502(a)).  In a bifurcated proceeding, the trial court found that petitioner had suffered a June 2006 robbery conviction.  Petitioner was sentenced to prison for eight years (twice the middle term) consecutive to the term he was then serving.

////

---

[1] This factual summary is adapted from the opinion of the California Court of Appeal, Lodged Doc. 2 (see ECF No. 12).  The court finds the summary to be accurate.

II.  Post-Conviction Proceedings

Petitioner timely appealed, and the California Court of Appeal affirmed the judgment of conviction on October 14, 2014.  Lodged Doc. 2 (see ECF No. 12).[2]  The California Supreme Court denied review on January 14, 2015.  Lodged Doc. 4 (see ECF No. 12).

Petitioner filed a petition for writ of habeas corpus in the Superior Court of Sacramento County, which was denied in a written decision on May 9, 2016.  Lodged Docs. 22, 23 (ECF Nos. 47-22, 47-23).  Petitioner next filed a habeas petition in the California Court of Appeal, which was denied without comment or citation on July 28, 2016.  Lodged Docs. 24, 25 (ECF Nos. 47-24, 47-25).  Petitioner then filed a habeas petition in the California Supreme Court, which was denied on November 22, 2016.  Lodged Docs. 26, 27 (ECF Nos. 47-26, 47-27).

The instant federal petition was filed January 6, 2017.  ECF No. 1.  Respondent moved to dismiss the petition as untimely.  ECF No. 11.  Petitioner asserted equitable tolling of the statute of limitations, and after the motion was fully briefed the undersigned concluded that an evidentiary hearing was needed.  Counsel was appointed for that limited purpose, ECF No. 24, status conferences were held and a writ ad testificandum issued.  Two weeks before the hearing was to take place, respondent withdrew his motion.  ECF No. 11.  Respondent subsequently filed an answer, ECF No. 26, and petitioner filed a traverse, ECF No. 50.

STANDARDS GOVERNING HABEAS RELIEF UNDER THE AEDPA

28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), provides in relevant part as follows:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

---

[2] The Court of Appeal modified the judgment to clarify the amount of the mandatory restitution fine, but affirmed the judgment of conviction.

3

The statute applies whenever the state court has denied a federal claim on its merits, whether or not the state court explained its reasons. Harrington v. Richter, 562 U.S. 86, 99 (2011). State court rejection of a federal claim will be presumed to have been on the merits absent any indication or state-law procedural principles to the contrary. Id. (citing Harris v. Reed, 489 U.S. 255, 265 (1989) (presumption of a merits determination when it is unclear whether a decision appearing to rest on federal grounds was decided on another basis)). "The presumption may be overcome when there is reason to think some other explanation for the state court's decision is more likely." Id. at 99-100.

The phrase "clearly established Federal law" in § 2254(d)(1) refers to the "governing legal principle or principles" previously articulated by the Supreme Court. Lockyer v. Andrade, 538 U.S. 63, 71-72 (2003). Only Supreme Court precedent may constitute "clearly established Federal law," but courts may look to circuit law "to ascertain whether…the particular point in issue is clearly established by Supreme Court precedent." Marshall v. Rodgers, 569 U.S. 58, 64 (2013).

A state court decision is "contrary to" clearly established federal law if the decision "contradicts the governing law set forth in [the Supreme Court's] cases." Williams v. Taylor, 529 U.S. 362, 405 (2000). A state court decision "unreasonably applies" federal law "if the state court identifies the correct rule from [the Supreme Court's] cases but unreasonably applies it to the facts of the particular state prisoner's case." Id. at 407-08. It is not enough that the state court was incorrect in the view of the federal habeas court; the state court decision must be objectively unreasonable. Wiggins v. Smith, 539 U.S. 510, 520-21 (2003).

Review under § 2254(d) is limited to the record that was before the state court. Cullen v. Pinholster, 563 U.S. 170, 180-181 (2011). The question at this stage is whether the state court reasonably applied clearly established federal law to the facts before it. Id. at 181-182. In other words, the focus of the § 2254(d) inquiry is "on what a state court knew and did." Id. at 182. Where the state court's adjudication is set forth in a reasoned opinion, §2254(d)(1) review is confined to "the state court's actual reasoning" and "actual analysis." Frantz v. Hazey, 533 F.3d 724, 738 (9th Cir. 2008) (en banc). A different rule applies where the state court rejects claims

summarily, without a reasoned opinion. In Richter, supra, the Supreme Court held that when a state court denies a claim on the merits but without a reasoned opinion, the federal habeas court must determine what arguments or theories may have supported the state court's decision, and subject those arguments or theories to § 2254(d) scrutiny. Richter, 562 U.S. at 102.

## DISCUSSION

I. Procedural Default and the "Look Through" Presumption

Respondent contends that Claims One through Three are procedurally defaulted in federal court because the superior court found them barred by the rule of In re Dixon, 41 Cal. 2d 756, 759 (1953), which precludes consideration in state habeas of claims that could have been, but were not, raised on appeal. See ECF No. 46 at 9-11. As will be discussed in further detail below, the superior court also rejected these claims on the merits. See Lodged Doc. 23 (ECF Nos. 47-23).

As a general rule, a federal habeas court "will not review a question of federal law decided by a state court if the decision of that court rests on a state law ground that is independent of the federal question and adequate to support the judgment." Calderon v. United States District Court (Bean), 96 F.3d 1126, 1129 (9th Cir. 1996) (citing Coleman v. Thompson, 501 U.S. 722, 729 (1991)), cert. denied, 520 U.S. 1204 (1997). The U.S. Supreme Court has held that the Dixon bar will support default. Johnson v. Lee, 578 U.S. 605, 609 (2026). Default can be excused on a showing of cause and prejudice, however, and ineffective assistance of counsel is a cognizable "cause." See Edwards v. Carpenter, 529 U.S. 446, 451 (2000). To prove ineffective assistance, either as a free-standing basis for relief or in order to excuse a default, petitioner must establish prejudice from counsel's omissions. Strickland v. Washington, 466 U.S. 688, 694 (1984); Smith v. Robbins, 528 U.S. 259, 285-286 (2000).

A federal court may bypass consideration of a procedural bar issue in the interests of judicial economy, where the asserted default presents complicated questions and the other issues are resolvable against the petitioner. Lambrix v. Singletary, 520 U.S. 518, 525 (1997); Franklin v. Johnson, 290 F.3d 1223, 1232 (9th Cir. 2002). The undersigned elects to do so here, for two reasons.

////

First, Claim Four of the petition asserts ineffective assistance of appellate counsel in failing to raise Claims One through Three on direct appeal, which petitioner apparently asserts as a reason to excuse any default. The merits of the appellate ineffectiveness claim—which, by definition, involve the merits of the other claims—would have to be reached in any case to conduct cause and prejudice analysis. This renders separate procedural default analysis superfluous, since for the reasons explained below the claims are meritless.

Second, although the superior court imposed a Dixon bar, the California Court of Appeal and California Supreme Court did not. See Lodged Docs. 25, 27 (ECF Nos. 47-25, 47-27) (both denying petition without comment or citation). It has long been the practice of the federal courts in California to "look through" unexplained habeas denials from the higher state courts to a prior reasoned decision of a superior court, both as to the merits of claims and as to procedural rulings. See Barker v. Fleming, 423 F.3d 1085, 1091 (9th Cir. 2005) (applying Ylst v. Nunnemaker, 501 U.S. 797, 806 (1991)); Bonner v. Carey, 425 F.3d 1145, 1148 n.13 (9th Cir. 2005) (same). This practice may be in doubt following the California Supreme Court's clarification of its habeas procedures in Robinson v. Lewis, 9 Cal 5th 883, 895-896 (2020) (explaining as to timeliness of state habeas petition that high court makes independent determination regarding the petition over which it exercises original jurisdiction, and does not silently adopt any prior determination by a lower court).

The only published decision of the Ninth Circuit to have considered the impact of Robinson on application of the "look through" presumption is Flemming v. Matteson, 26 F.4th 1136 (9th Cir. 2022), which held inter alia that the presumption did still apply under the circumstances of that case. Flemming, like Robinson, involved the interplay of California's timeliness rules and the federal habeas statute of limitations; neither case involved state procedural bar asserted in federal court to support the procedural default defense under Coleman and progeny. The Flemming court "looked through" silent rejections of petitioner's claims in the state appellate court to a reasoned decision of the superior court finding the claims untimely, finding this result consistent with Robinson. Id. at 1143. The different question presented here—whether the superior court's imposition of a Dixon bar supports a conclusion that the California

Supreme Court silently imposed a bar that will support a procedural default under Coleman and progeny—is potentially complicated. It need not be resolved when the merits of the claims are resolvable against petitioner. Lambrix, 520 U.S. at 525.

Accordingly, the court bypasses respondent's assertion of procedural default and turns to the substance of petitioner's claims.

## II.   Claim One: Discriminatory Sentencing

### A.   Petitioner's Allegations and Pertinent State Court Record

Petitioner alleges that his due process and equal protection rights were violated by discriminatory sentencing. More specifically, petitioner objects to denial of his Romero motion.[3] ECF No. 1 at 16. The petition recites factors that might have supported relief under Romero. Id.

### B.   The Clearly Established Federal Law

Sentencing is governed by state law, and errors related to the application of state law do not support federal habeas relief. Lewis v. Jeffers, 497 U.S. 764, 780 (1990). A state sentencing error violates a defendant's federal constitutional rights, and supports habeas relief, only where the error is "so arbitrary or capricious as to constitute an independent due process violation." Richmond v. Lewis, 506 U.S. 40, 50 (1992).

### C.   The State Court's Ruling

The superior court ruled in pertinent part as follows:

> The court's decision to deny Petitioner's *Romero* motion is generally reviewed for an abuse of discretion. The Petitioner bears the burden to show that the sentencing decision was irrational or arbitrary. (*People v. Carmony* (2004) 33 Cal.4th 367, 376-377.) . . . Even if not procedurally barred, the facts alleged by Petitioner do not establish that the trial court denied his motion irrationally or arbitrarily, Instead, the thrust of Petitioner's complaint is that he was sentenced more harshly than his co-defendant, who pled guilty. An abuse of discretion does not necessarily occur when co-defendants are given disparate sentences. (*See People v. Paul* (1978) 78 Cal.App.3d 404, 409 [no abuse of discretion found where defendant was sentenced more harshly to co-defendant who pled guilty to a more serious offense].) Moreover, under appropriate circumstances a defendant may receive a more severe sentence following trial than he would

---

[3] People v. Superior Court (Romero), 13 Cal. 4th 497 (1996), gives sentencing courts limited discretion to strike priors alleged under California's recidivist sentencing statute.

7

have received had he pled guilty. (*In re Lewallen* (1979) 23 Cal. 3d 274, 281.)

Lodged Doc. 11 (ECF No. 47-11) at 4-5.

The California Supreme Court denied the claim without comment or citation. Lodged Doc. 27 (ECF No. 47-27).

### D. Objective Reasonableness Under § 2254(d)

Whichever state court ruling is properly subject to scrutiny under § 2254, federal habeas relief is unavailable because petitioner alleges misapplication of state law. Accordingly, rejection of the claim cannot have involved any unreasonable application of clearly established federal law. See Christian v. Rhode, 41 F.3d 461, 469 (9th Cir. 1994) ("a state court's misapplication of its own sentencing laws does not justify federal habeas relief."). Petitioner cannot transform his Romero claim into a federal issue with conclusory references to the U.S. Constitution. Langford v. Day, 110 F.3d 1380, 1389 (9th Cir. 1996) (petitioner cannot "transform a state-law issue into a federal one merely by asserting a violation of due process"). No U.S. Supreme Court precedent has found a due process or equal protection violation based on a state court's exercise of discretion in the recidivist sentencing context. Where no Supreme Court precedent controls the legal issue presented in state court, the state court's decision cannot constitute an unreasonable application of clearly established federal law. Wright v. Van Patten, 552 U.S. 120, 125-26 (2008) (per curiam).

The Ninth Circuit has expressly found that Romero claims are matters of California law that do not support federal habeas relief. See Brown v. Mayle, 283 F.3d 1019, 1040 (9th Cir. 2002) (claim seeking resentencing under Romero is not cognizable on federal habeas review); see also John-Charles v. California, 646 F.3d 1243, 1253 (9th Cir.) (no unreasonable application of clearly established federal law in failure to strike juvenile conviction), cert. denied, 565 U.S. 1097 (2011). Accordingly, relief is unavailable.

### III. Claim Two: Judicial Bias

#### A. Petitioner's Allegations and Pertinent State Court Record

Petitioner alleges that the trial judge displayed an obvious bias against him, in violation of

petitioner's rights to due process and a fair trial. The facts alleged to demonstrate bias involve "discriminatory rulings." Specifically, the judge prevented defense counsel from questioning the victim about his gang affiliation, and gave a jury instruction permitting the jury to infer guilt from petitioner's attempt to hide evidence. ECF No. 1 at 19.

### B. The Clearly Established Federal Law

Due process requires a fair trial in a fair tribunal. In re Murchison, 349 U.S. 133, 136 (1955). This includes a judge with no actual bias against the defendant or interest in the outcome of the case. Bracy v. Gramley, 520 U.S. 899, 904-05 (1997). To prevail on a claim of judicial bias, a petitioner must plead and prove facts sufficient to "overcome a presumption of honesty and integrity in those serving as adjudicators." Withrow v. Larkin, 421 U.S. 35, 47 (1975). There is no constitutional violation without a showing of facts that objectively demonstrate a serious risk of actual bias. See Caperton v. A.T. Massey Coal Co., Inc., 556 U.S. 868, 883-84 (2009).

### C. The State Court's Ruling

The superior court ruled in pertinent part as follows:

> Petitioner claims that he was the victim of judicial bias when the judge precluded him from inquiring into the victim's gang affiliation, yet allowed the prosecutor to ask about a witness' affiliation. Petitioner also claims the court erred in instructing the jury on the implication of guilt in trying to hide evidence.
>
> First, all of these claims could have been, but were not, raised on direct appeal. Thus, these claims are procedurally barred. (*In re Dixon, supra*, 41 Cal.2d at 759.) Second, Petitioner attaches no documents or transcripts in support of his claims. In a collateral attack, "all presumptions favor the truth, accuracy, and fairness of the conviction and sentence; defendant thus must undertake the burden of overturning them." (*Duvall, supra*, 9 Cal.4th at 474, quoting *People v. Gonzalez* (1990) 51 Cal.3d 1179, 1260 [italics original].) Without supporting documentation, Petitioner cannot make this showing. These claims of trial error are all subject to harmless error analysis, and defendant has not argued or shown that there was a reasonable probability that he would have received a more favorable verdict had the "errors" not occurred. (*People v. Lenart* (2001) 32 Cal.4th 1107, 1130 [prosecutorial misconduct]; People v. Davis (1996) 42 Cal.App.4th 806, 813 [gang affiliation]; and *People v. Mower* (2002) 28 Cal.4th 457, 484 [jury instructions in violation of state law].)

Lodged Doc. Lodged Doc. 11 (ECF No. 47-11) at 4.

The California Supreme Court denied the claim without comment or citation. Lodged Doc. 27 (ECF No. 47-27).

### D. Objective Reasonableness Under § 2254(d)

Neither the superior court's reasoned decision nor the California Supreme Court's summary denial of this claim constitutes an unreasonable application of clearly established federal law. Petitioner's judicial bias claim is based exclusively on adverse evidentiary and instructional rulings. Judicial rulings alone almost never establish bias. See Liteky v. United States, 510 U.S. 540, 555 (1994).

The facts alleged here do not plausibly support a conclusion that the objective risk of bias in this case was constitutionally intolerable. See Withrow, 421 U.S. at 47; Caperton, 556 U.S. at 883-84. The U.S. Supreme Court has clearly established only three circumstances in which due process requires the recusal of a judge: (1) the judge has a direct, personal, and substantial pecuniary interest in the case; (2) the judge has become embroiled in a running, bitter controversy with a litigant; and (3) the judge has acted as part of the accusatory process. Crater v. Galaza, 491 F.3d 1119, 1131 (9th Cir. 2007) (citations omitted). The facts here are not even close to those situations.

In Crater, the trial judge had made statements to the petitioner in camera that directly expressed personal dislike and strongly implied belief in guilt. The Ninth Circuit nonetheless found habeas relief unavailable under AEDPA standards. In the instant case, petitioner relies on entirely speculative allegations of animosity based only on unfavorable rulings. This is insufficient as a matter of law to state a claim for relief. Accordingly, there was no unreasonable application of federal law by the state courts, and federal habeas relief is unavailable.

## IV. Claim Three: Prosecutorial Misconduct

### A. Petitioner's Allegations and Pertinent State Court Record

Petitioner alleges that the prosecutor committed misconduct, in violation of his rights to due process and a fair trial, by (1) repeatedly stating that petitioner threw knives, when the witnesses said they saw petitioner throw "an object;" (2) misrepresenting the number of inmates who were out of the cell at the time of the incident; (3) arguing that the jury need not be

concerned with how the weapons were made; (4) initially representing that gang evidence would not be introduced, then repeatedly asking the gang affiliation of the victim and arguing that petitioner and his co-defendant were in the same gang; and (5) failing to disclose as exculpatory evidence an incident report from another institution in which petitioner was the victim of an assault, which documented that petitioner had thrown his glasses when assaulted. ECF No. 1 at 20, 24-25.

### B. The Clearly Established Federal Law

In reviewing prosecutorial misconduct claims, "[t]he relevant question is whether the prosecutors' comments so infected the trial with unfairness as to make the resulting conviction a denial of due process." Darden v. Wainwright, 477 U.S. 168, 181 (1986) (internal quotations omitted). "To constitute a due process violation, the prosecutorial misconduct must be of sufficient significance to result in the denial of the defendant's right to a fair trial." Greer v. Miller, 483 U.S. 756, 765 (1987). "[T]he touchstone of due process analysis in cases of alleged prosecutorial misconduct is the fairness of the trial, not the culpability of the prosecutor." Smith v. Phillips, 455 U.S. 209, 219 (1982). "[I]t is not enough that the prosecutor's remarks were undesirable or even universally condemned." Darden, 477 U.S. at 181.

### C. The State Court's Ruling

The superior court considered this claim together with the judicial bias claim, as both were based on alleged trial errors. The pertinent ruling, already reproduced above as to judicial bias, is repeated here for ease of reference:

> … Petitioner attaches no documents or transcripts in support of his claims. In a collateral attack, "all presumptions favor the truth, accuracy, and fairness of the conviction and sentence; defendant thus must undertake the burden of overturning them." (*Duvall, supra*, 9 Cal.4th at 474, quoting *People v, Gonzalez* (1990) 51 Cal.3d 1179, 1260 [italics original].) Without supporting documentation, Petitioner cannot make this showing. These claims of trial error are all subject to harmless error analysis, and defendant has not argued or shown that there was a reasonable probability that he would have received a more favorable verdict had the "errors" not occurred. (*People v. Lenart* (2001) 32 Cal.4th 1107, 1130 [prosecutorial misconduct]; People v. Davis (1996) 42 Cal.App.4th 806, 813 [gang affiliation]; and *People v. Mower* (2002) 28 Cal.4th 457, 484 [jury instructions in violation of state law].)

Lodged Doc. Lodged Doc. 11 (ECF No. 47-11) at 4.

The California Supreme Court denied the claim without comment or citation. Lodged Doc. 27 (ECF No. 47-27).

### D. Objective Unreasonableness Under § 2254(d)

None of the state court rejections of this claim involved an unreasonable application of clearly established federal law, because petitioner's allegations of prosecutorial misconduct do not plausibly rise to the level of a constitutional violation. Even if the prosecutor erred, those errors must be considered in the context of the trial as a whole when assessing fundamental fairness. Donnelly v. DeChristoforo, 416 U.S. 637, 643 (1974). No fundamental unfairness is suggested by the record here. None of the prosecutor's statements were inflammatory. Petitioner was represented by counsel and the prosecutor's case was subjected to adversarial testing. The jury was instructed according to the applicable California law. As respondent points out, the jury was twice told that the statements of counsel are not evidence, and that their verdict must be based only on evidence. 1 CT 138, 145.[4] The jury is presumed to follow its instructions. See Weeks v. Angelone, 528 U.S. 225, 234 (2000). There is no basis for departing from that presumption here. Because the judgment of the state courts is fully consistent with governing federal law, relief is unavailable.

## V. Claim Four: Ineffective Assistance of Counsel on Appeal

### A. Petitioner's Allegations and Pertinent State Court Record

Petitioner alleges that appellate counsel was ineffective in failing to raise the previous three issues on appeal. He notes that the superior court denied his habeas petition, ruling that the claims had been forfeited by failure to present them on appeal. ECF No. 1 at 21.

### B. The Clearly Established Federal Law

The Sixth Amendment right to the effective assistance of counsel extends to a criminal appeal, and claims of appellate ineffectiveness are governed by Strickland v. Washington, 466 U.S. 668 (1984). See Evitts v. Lucey, 469 U.S. 387, 391 (1985); Smith v. Robbins, 528 U.S. 259,

---

[4] "CT" refers to the Clerk's Transcript on Appeal, Volumes I and II (Lodged Docs. 13 and 14, located at ECF Nos. 47-1, 47-2).

285 (2000). To establish a constitutional violation under Strickland, a petitioner must show (1) that counsel's representation fell below an objective standard of reasonableness, and (2) that counsel's deficient performance prejudiced the defense. Strickland, 466 U.S. at 692, 694. Prejudice means that the error actually had an adverse effect on the defense. There must be a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. Id. at 693-94. To demonstrate prejudice in the appellate context, petitioner must show a reasonable probability that he would have prevailed on appeal absent counsel's alleged errors. Smith, 528 U.S. at 285-286.

The court need not address both prongs of the Strickland test if the petitioner's showing is insufficient as to one prong. Strickland, 466 U.S. at 697. "If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed." Id.

### C. The State Court's Ruling

The California Supreme Court denied this claim summarily, without comment or citation. Lodged Doc. 27 (ECF No. 47-27).

### D. Objective Unreasonableness Under § 2254(d)

Denial of this claim did not involve an unreasonable application of clearly established federal law. To the contrary, it is clearly established that appellate counsel has no constitutional duty to raise issues which, in counsel's judgment, have little or no likelihood of success. Jones v. Barnes, 463 U.S. 745, 751-53 (1983). For the reasons already explained, none of the claims at issue had a likelihood of success. Therefore counsel cannot have acted deficiently in failing to raise them. For the same reasons, petitioner cannot establish that he would have prevailed on appeal had counsel raised the issues, and therefore the claim alternatively fails for lack of prejudice. See Smith, 528 U.S. at 285-286. It would have been reasonable for the state court to deny relief on either prong of Strickland. See Richter, 562 U.S. at 102 (when state supreme court denies relief without explanation, federal court must identify arguments or theories that may have supported the decision and subject those to § 2254(d) scrutiny).

////

CONCLUSION

For all the reasons explained above, the state courts' denial of petitioner's claims was not objectively unreasonable within the meaning of 28 U.S.C. § 2254(d).

Accordingly, IT IS HEREBY ORDERED that petitioner's motion for a ruling (ECF No. 53) is GRANTED in that the undersigned has now issued Findings and Recommendations.

Further, IT IS HEREBY RECOMMENDED that the petition for writ of habeas corpus be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. §636(b)(l). Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." If petitioner files objections, he shall also address whether a certificate of appealability should issue and, if so, why and as to which issues. See 28 U.S.C. § 2253(c)(2). Any reply to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: August 9, 2023

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE